IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LEODIUS CLARK,** | **CASE NO. 2:16-cv-00204** |
| | **2:16-cv-00413** |
| **Petitioner,** | **2:16-cv-00414** |
| | **Judge James L. Graham** |
| | **Magistrate Judge Kimberly A. Jolson** |
| v. | |
| **OHIO ADULT PAROLE** | |
| **AUTHORITY, et al.,** | |
| | |
| **Respondents.** | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant consolidated lawsuit for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on this consolidated action, Respondent's Motion to Dismiss (Doc. 16),[1] Petitioner's Response in Opposition (Doc. 17), Petitioner's Motion to Stay Proceedings (Doc. 18), Petitioner's Motion for Leave to Amend Petition (Doc. 19), and the exhibits of the parties. For the following reasons, the Magistrate Judge **RECOMMENDS** that Respondent's Motion to Dismiss (Doc. 16) be **GRANTED**, that Petitioner's Motion to Amend (Doc. 19) be **DENIED**, that Petitioner's Motion to Stay Proceedings (Doc. 18) be **DENIED,** and that this consolidated action be **DISMISSED**.

## FACTS AND PROCEDURAL HISTORY

On May 29, 1996, Petitioner was convicted pursuant to his guilty plea in the Mahoning County Court of Common Pleas in Case Number 95CR589 on charges of burglary, kidnapping, complicity to commit aggravated robbery, and involuntary manslaughter with firearm specifications, and sentenced to eight to twenty-five years in prison. (Doc. 16-1, PageID# 94–96). On February 15, 2011, Petitioner was released on parole. (*Id.*, PageID# 97). However, on

---

[1] Unless otherwise noted, all document numbers refer to Case Number 2:16-cv-00204.

August 24, 2011, he was arrested on new charges in the Mahoning County Court of Common Pleas, Case Number 11CR1078. (*Id.*, PageID# 104). On September 27, 2011, Petitioner was released on bond. (*Id.*, PageID# 115). Due to his arrest on new charges, however, on September 29, 2011, the parole board issued a "unit sanction," requiring Petitioner to complete 90 days of electronic monitoring, reside at an "APA approved residence," "report to supervising [parole officer] as directed," and comply with all court orders in Case Number 95CR589. (*Id.*, PageID# 104).

On March 28, 2013, Petitioner pled guilty in Case Number 11CR1078, to possession of heroin, trafficking in heroin, and illegal possession of WIC benefits. He was sentenced to three years of incarceration. (*Id.*, PageID# 98).

On September 13, 2013, the parole board revoked Petitioner's parole in Case Number 95CR589. (*Id.*, PageID# 128). On December 22, 2015—before Petitioner's release on the three-year term in Case Number 11CR1078 and after a hearing—the parole board denied Petitioner release on parole in Case Number 95CR589, and continued his next parole hearing for a period of thirty-six months, or until December 2018. (*Id.*, PageID# 100–01, 192). On January 6, 2016, Petitioner sought reconsideration of that decision, based upon his completion of the sanctions that had been imposed for his arrest on new charges, and Petitioner alleged that the parole board's actions violated the Double Jeopardy Clause. (*Id.*, PageID# 121–22).

In a letter dated January 20, 2016, the parole board notified Petitioner of its denial of his request for reconsideration. (*Id.*, PageID# 128). Petitioner then filed a petition for a writ of mandamus in the Ohio Seventh District Court of Appeals requesting his immediate release. (*Id.*, PageID# 129). Petitioner alleged that the parole board had failed to provide him with a revocation hearing and asserted that he did not learn that his parole had been revoked until he

had already been incarcerated for approximately six months. (*Id.*, PageID# 161). Petitioner also claimed that he was serving a void sentence, because he had completed all of the sanctions imposed by the parole board in Case Number 95CR589, and his sentence in Case Number 11CR1078 had expired. (*Id.*). Petitioner further asserted that his continued incarceration violated the Double Jeopardy, Due Process, and Equal Protection Clauses. (*Id.*, PageID# 160–61). On June 13, 2016, the appellate court dismissed the petition for mandamus. (*Id.*, PageID# 191–94). Petitioner next filed a Notice of Appeal with the Ohio Supreme Court. (*Id.*, PageID# 195). That action remains pending. (*Id.*, PageID# 286).

Petitioner subsequently initiated these habeas corpus proceedings. He filed three separate lawsuits, which the Court consolidated. (Doc. 12). In this consolidated action, Petitioner asserts that the Ohio Adult Parole Authority violated the Double Jeopardy Clause and various administrative codes by illegally continuing his confinement in December 2015 for three years (claims one and two); and that the Department of Rehabilitation and Correction lacks the authority to continue to restrain him, as he has completed his "EDS" in Mahoning County Case Number 11CR1078 (claim three). Petitioner additionally seeks monetary damages. *See* Case Number 2:16-cv-413. Respondent has moved to dismiss this action. (Doc. 16).

## DISCUSSION

Three Motions are before the Court: Respondent's Motion to Dismiss (Doc. 16), Petitioner's Motion for Leave to Amend the Petition (Doc. 19), and Petitioner's Motion to Stay. (Doc. 18).

**I.  MOTION TO DISMISS (Doc. 16)**

On September 12, 2016, Respondent filed a Motion to Dismiss. (Doc. 16). In its Order consolidating Petitioner's lawsuits, the Court noted expressly that because a Return of Writ was

3

ordered in Case Number 16-CV-204, Respondent was not required to respond in the other two. (Doc. 12, PageID# 55). Consequently, the Motion to Dismiss applies to this entire action.

### a. Standard of Review

Because Petitioner seeks habeas relief under 28 U.S.C. § 2254, the familiar standards of the Antiterrorism and Effective Death Penalty Act ("AEDPA") govern this case. The United States Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, --U.S.-- , 134 S. Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted)).

AEDPA limits the federal courts' authority to issue writs of habeas corpus and forbids a federal court from granting habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state-court decision either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Further, under AEDPA, the factual findings of the state court are presumed to be correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall

> be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

Accordingly, "a writ of habeas corpus should be denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented to the state courts." *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013) (citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006)). The United States Court of Appeals for the Sixth Circuit recently explained these standards as follows:

> A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,]" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. § 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 407, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389.

*Coley,* 706 F.3d at 748–49. The burden of satisfying AEDPA's standards rests with a petitioner. *See Cullen v. Pinholster*, 563 U.S.170, 181 (2011).

Relevant here, before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. 28 U.S.C. § 2254(b)(1); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must

5

be presented to the state's highest court in order to satisfy the exhaustion requirement. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). But where alternative state remedies are available to consider the same claim, exhaustion of only one of these remedies is required. *See, e.g.*, *Keener v. Ridenour,* 594 F.2d 581, 584 (6th Cir. 1979).

### b. Exhaustion

Here, the parties agree that this action remains unexhausted because Petitioner's claims are the subject of his petition for a writ of mandamus, which remains pending before the Supreme Court of Ohio. Respondent argues for dismissal for failure to exhaust (Doc. 16), while Petitioner seeks a stay pending exhaustion. (Doc. 18). Ordinarily, a habeas case that presents an unexhausted claim should be dismissed. However, "[w]here, 'the federal constitutional claim [is] plainly meritless and it would be a waste of time and judicial resources to require exhaustion,' exhaustion may be excused." *Scott Kelly Hansen v. John Coleman*, No. 3:16-CV-2147, 2016 WL 59040922, at *4 (N.D. Ohio Oct. 13, 2016) (quoting *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991)). Because Petitioner's claim plainly lacks merit, this Court will address the merits of Petitioner's claim.

### c. Merits

#### i. Ground One (Double Jeopardy)

In Ground One, Petitioner asserts that "[t]he Ohio Adult Parole Authority erred in continuing Mr. Leodius Clark's confinement for an additional period of three years as it violates the Double Jeopardy clauses protected by various state and federal constitutions." The state appellate court considered and rejected this claim.

> Concerning his double jeopardy and due process claims, the Ohio Supreme Court has concluded that "jeopardy does not attach when a defendant receives a term of incarceration for the violation of conditions of post-release control." *State v. Martello*, 97 Ohio

> St.3d 398, 405, 2002-Ohio-6661, 780 N.E.2d 250, 257, ¶ 26. Thus, it has been held that the Ohio Adult Parole Authority's use of the same conduct in two parole revocations does not violate a criminal defendant's double jeopardy rights. *Brown v. Ohio Adult Parole Auth.*, 10th Dist. No. 09AP-797, 2010-Ohio-872, citing *Martello*, *supra*.
>
> Relator has not received multiple punishments. Rather, the expiration of his indefinite maximum sentence stemming from his conviction in Case No. 95CR[5]89 has been and still is November 20, 2024. Neither of the sanctions changed his maximum sentence in any manner. In essence, what [Petitioner] asserts is that he had an expectation of parole after the expiration of his original l90-day electronic monitoring sanction and the three-year felony sentence in Case No. 11CR1078.
>
> "However, there is no inherent right to be conditionally released before the expiration of a valid sentence. *State ex rel. Hattie v. Goldhardt*, 69 Ohio St.3d 123, 125, 630 N.E.2d 696, 1994-Ohio-81, citing *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex* (1979), 442 U.S. 1, 7. . . . Furthermore, even when the OAPA has informed an inmate of its decision to grant parole, the inmate has no protected liberty interest in parole before his actual release. *Festi v. Ohio Adult Parole Auth.*, 10th Dist. No. 04AP-1372, 2005-Ohio-3622, ¶ 16."
>
> *Brown v. Ohio Adult Parole Auth.*, 10th Dist. No. 09AP-797, 2010-Ohio-872, ¶ 8.

(Doc. 16-1, PageID# 193-94) (paragraph symbols omitted).

The Fifth Amendment Double Jeopardy Clause, applicable to the states through the Fourteenth Amendment, prohibits prosecution for the same offense following acquittal or conviction and bars multiple punishments for the same offense. *See Monge v. California*, 524 U.S. 721, 727–28 (1998). As the state appellate court recognized, parole rejection, however, does not "increase" an inmate's sentence and is not "punishment" for Double Jeopardy purposes. *See Mayrides v. Chaudhry*, 43 F. App'x 743, 745 (6th Cir. 2002); *Ellick v. Perez*, 27 F. App'x 489, 490 (6th Cir. 2001); *Stewart v. Flintoft*, No. 00-10487-BC, 2002 U.S. Dist. LEXIS 23569, 2002 WL 31748842, at *3 (E.D. Mich. Dec. 2, 2002) (holding that parole denial does not

7

implicate the Double Jeopardy Clause because it does not extend a sentence beyond original term imposed by court). Moreover, because Petitioner has no legitimate entitlement to release prior to the completion of his sentence, the denial of parole cannot constitute Double Jeopardy. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (addressing denial of parole). Therefore, Petitioner's Double Jeopardy claim is meritless.

      ii. Grounds Two and Three (Parole)

  Grounds Two and Three go hand in hand. They assert that the Ohio Adult Parole Authority "violated various Administrative Codes when it held a second parole hearing" and continued Petitioner's "confinement for a period of three years," and that the Department of Rehabilitation and Correction does not have the authority to "restrain" Petitioner's "liberty" because he completed his required training in Case Number 11CR11078.

  The Court reads Ground Two as raising an alleged violation of state law (or state administrative procedures), which does not provide a basis for habeas relief. A federal court may grant habeas relief to a state inmate under 28 U.S.C. § 2254 only upon a finding "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The writ will not issue merely on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

  Further, to the extent Ground Two raises a federal claim, it fails for the same reason that Ground Three is unsuccessful. Prisoners have no constitutional right to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U.S. 14 at 20–21 (1981) (holding that denial of parole does not violate the prisoner's constitutional rights). Moreover, the State of Ohio has not created a constitutionally protected liberty interest in release on parole. *See*

*Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). The State therefore "may . . . grant a parole to any prisoner . . . if in its judgment there is reasonable ground to believe that . . . paroling the prisoner would further the interest of justice and be consistent with the welfare and security of society." Ohio Rev. Code § 2967.03. That decision is wholly within the discretion of the Adult Parole Authority. *See also Kinney v. Mohr*, No. 2:13-CV-1229, 2015 WL 1197812, at *4 (S.D. Ohio Mar. 16, 2015) ("Since Ohio has a discretionary parole system, there is no attendant due process right in the grant of parole, and the state's statutory and regulatory guidelines for parole, without more, do not change this calculus.").

In Reply, Petitioner asserts that he was denied due process because the parole board failed to provide him with a parole hearing prior to the revocation of his parole on new charges. (Doc. 17, PageID# 291–92). However, effective September 1, 1992, and long prior to Petitioner's 1996 convictions, the Ohio Parole Board implemented new regulations that do not require any hearing if a defendant is convicted by an Ohio court for a new offense he committed while on any release granted by the Adult Parole Authority. "The only process the parolees would receive would be the parole authority's verification 'that the sentence was imposed for an offense that occurred while the prisoner was under release status.'" *Kellogg v. Shoemaker*, 46 F.3d 503, 506 (6th Cir. 1995). The Parole Board has no discretion in its decision on whether to revoke parole under such circumstances. *See id*. Thus, procedural due process does not require the Adult Parole Authority to provide Petitioner with a final revocation hearing since his convictions on new crimes, by law, result in the automatic and non-discretionary revocation of his parole. *See Sneed v. Donahue*, 993 F.2d 1239, 1243–44 (6th Cir. 1993) (citing *Black v. Romano*, 471 U.S. 606, 612 (1985)).

9

Similarly, nothing in the record supports a claim regarding a violation of the Equal Protection Clause.

> The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To prove an equal protection claim, a petitioner must demonstrate "intentional and arbitrary discrimination" by the state. In other words, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).
>
> *****
>
> "[T]he Sixth Circuit has held that a prisoner cannot support a violation of his equal protection rights simply by showing that other inmates were treated differently." *See Newell v. Brown*, 981 F.2d 880, 87 (6th Cir. 1992). Rather, he must show that he was victimized because of some suspect classification. *Id.; see also Lovely v. Hughes*, No. 96-5536, 1997 WL 112386, at * 1 (6th Cir. Mar.12, 1997) (affirming district court's dismissal of § 1983 claim alleging that denial of plaintiff's parole violated Fourteenth Amendment right of equal protection because similarly-situated prisoners were granted parole).

*Johnson v. Motley*, No. 6:07-351-DCR, 2008 WL 2758444, at *4–5 (E.D. Ky. July 14, 2008). Petitioner has failed to meet this standard here. "[I]nmates are not a suspect class for Equal Protection Clause purposes." *Michael v. Ghee*, 411 F. Supp. 2d 813, 818 (N.D. Ohio Feb. 1, 2006) (citing *Jackson v. Jamroq*, 411 F.3d 615, 618–19 (6th Cir. 2005)). And nothing in the record shows that Petitioner has been treated differently from other similarly situated inmates. Petitioner has failed to plead facts of discrimination which would allow him to raise a valid equal protection claim. *See Whatley v. Wilkinson*, No. C2-02-479, 2002 WL 31409857, at *2 (S.D. Ohio July 16, 2002) (citing *Herron v. Harrison,* 203 F.3d 410, 417 (6th Cir. 2000); *Chapman v.*

*City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)).  For these reasons, Grounds Two and Three fail.

                iii.   Request for Money Damages (Case Number 2:16-cv-0413)

The thrust of Petitioner's claims in this consolidated action resonates in habeas because he seeks release.  In Case Number 2:16-cv-0413, however, he additionally seeks monetary damages for his alleged unlawful incarceration.  Because money damages are not available in a habeas corpus action, this request must be dismissed as well.  *See, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) (explaining that "if a state prisoner is seeking damages, he is attacking something other than immediate or more speedy release—the traditional purpose of habeas corpus.  In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); *see also Marine v. Quintana*, 347 F. App'x 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action).

Moreover, even if Petitioner brought this claim pursuant to 42 U.S.C. § 1983, the claim would still fail.  Such an action is barred unless and until there has been a prior judicial determination that he was unlawfully incarcerated.  Simply put, someone who has been imprisoned by the state system (including by parole authorities) cannot use a federal court damages action to challenge the legality of that imprisonment.  *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that in order to succeed on a claim for money damages for wrongful imprisonment, the plaintiff "must [first] prove that a conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

In *Burkette v. Waring*, No. 10-10230, 2010 WL 2572930, at *1 (E.D. Mich. June 22, 2010), the plaintiff alleged, just as Petitioner does here, that the state parole authorities violated his constitutional rights by revoking his parole.  The Court held that if the federal court were to award him damages, it would necessarily have to find that the parole revocation proceedings were invalid.  The Court determined that "[b]ecause a successful due process or probable cause challenge to Plaintiff's parole revocation would necessarily imply the invalidity of that underlying parole revocation, Plaintiff's § 1983 claims challenging his parole revocation and subsequent incarceration are barred by *Heck*."  The same is true here, and Petitioner's request for monetary damages is barred.

## II.  MOTION FOR LEAVE TO AMEND PETITION (Doc. 19)

On November 21, 2016, Petitioner moved for leave to amend his Petition.  (Doc. 19). Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings in civil cases and applies to federal habeas corpus proceedings.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Rule 15 permits a party to amend a pleading 21 days after service of a responsive pleading or motion to dismiss and in all other cases, only by leave of court which should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In determining whether to grant a motion to amend, the Court considers a number of factors, including "[u]ndue delay in filing, lack of notice by the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment."  *Coe v. Bell,* 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)).  The court may deny a motion to amend a habeas petition where an amendment would be futile because the proposed claim lacks merit on its face.  *See Moss v. United States*, 323 F.3d 445, 476 (6th Cir. 2003) (noting that the district court may deny leave to

amend a habeas petition if the proposed amendments would be futile); *Smith v. Brunsman*, 626 F. Supp. 2d 786, 796 (S.D. Ohio 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). That is the case here.

> Petitioner seeks to amend Ground Two of his Petition to read:
>
> The Ohio Adult Parole Authority violated various Administrative Codes when *it did not hold a revocation hearing within the guidelines or provide Clark with written notice of the claimed violations* with which the Ohio Adult Parole Authority continued Mr. Clark's confinement for a period of three additional years.

(Doc. 19, PageID# 296) (emphasis in original).

Petitioner raised part of this claim in his Reply brief (*see* Doc. 17, PageID# 291–92), and, as explained, Petitioner had no right to a revocation hearing. *Supra* at 9. Additionally, challenges raising bald state-law claims are not cognizable in habeas. *Supra* at 8. Finally, in his Petition, Petitioner concedes that he was notified of the parole violation by his parole officer:

> Clark was arrested on August 4th 2011, for trafficking and possession of drugs, receiving stolen property and illegal use of food stamps and was subsequently indicted in in Mahoning County case no. 11CR1078. *Clark's parole office held a hearing to find Clark in violation of his parole for this reason and imposed sanctions.*

(Doc. 5, PageID# 40 (emphasis added)). The record also establishes that the parole officer issued a parole violation report. (Doc. No. 16, Page ID# 68–69). Consequently, allowing amendment would be futile because Petitioner's amended claim fails on the merits.

## III. MOTION TO STAY PROCEEDINGS (Doc. 18)

Finally, Petitioner asks the Court to stay these proceedings so that he may exhaust his remedies in the Supreme Court of Ohio. (*See generally* Doc. 18). However, because the undersigned recommends reaching the merits of the Petition and dismissing this action in its entirety, the undersigned additionally recommends denying the Motion for a Stay as moot

13

because, if the recommendation is adopted, there will be no claims to stay. *See Madrigal v. Welch*, No. 3:10-cv-639, 2011 U.S. Dist. LEXIS 22001, at *21–22 (N.D. Ohio Mar. 3, 2011) (adopting recommendation to dismiss habeas petition and to deny motion to stay as moot).

## CONCLUSION

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's Motion to Dismiss (Doc. 16) be **GRANTED**, that Petitioner's Motion to Amend (Doc. 19) be **DENIED**, that Petitioner's Motion to Stay Proceedings (Doc. 18) be **DENIED**, and that this consolidated action be **DISMISSED**.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

Date: February 6, 2017                                         s/ Kimberly A. Jolson
                                                              Kimberly A. Jolson
                                                              United States Magistrate Judge