# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

LEODIUS CLARK,

    Petitioner,

v.

OHIO ADULT PAROLE
AUTHORITY, et al.,

    Respondent.

CASE NO. 2:16-CV-00204
           2:16-CV-00413
           2:16-CV-00414
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On March 17, 2017, *Judgment* was entered dismissing this consolidated action pursuant to 28 U.S.C. § 2254. This matter is before the Court on Petitioner's April 17, 2017, *Notice of Appeal*, which the Court construes as a request for a certificate of appealability. For the reasons that follow, Petitioner's request for a certificate of appealability is **DENIED**.

Petitioner asserts that the Ohio Adult Parole Authority has violated the Double Jeoopardy Clause and various administrative codes by illegally continuing his confinement in December 2015 for three years; and that the Department of Rehabilitation and correction lacks the authority to continue to restrain him, as he has completed his "EDS" in Mahoning County Case Number 11CR1078. He additionally seeks monetary damages. The Court dismissed Petitioner's claims on the merits.

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) The petitioner must establish the substantial showing of the denial of a constitutional

right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

The Court is not persuaded that reasonable jurists would debate whether the Court properly dismissed Petitioner's claims as lacking in merit. Therefore, Petitioner's request for a certificate of appealability is **DENIED.**

**IT IS SO ORDERED**.

Date: May 10, 2017

                                                              s/James L. Graham
                                                  JAMES L. GRAHAM
                                                  United States District Judge